KREKELER v. THE CINCINNATI TRACTION CO.

*Negligence—Automobile and street car collide—Charge to jury—*
*Error to omit contributory negligence, when—Error not cured*
*by general charge, when—Duty of motorman to stop car.*

1. The giving of a special charge to the jury in an action for
   damages for alleged negligence of defendant, which singles
   out the question of defendant's negligence and ignores the
   question of contributory negligence, which was also an issue
   in the case, is prejudicial error and is not cured by the gen-
   eral charge which covers all the issues involved.

2. In an action for damages resulting from a collision between
   plaintiff's automobile and defendant's street car, a charge
   to the jury, that if the motorman could have stopped the
   car in time to have avoided the collision the defendant
   would be guilty of negligence, is reversible error where the
   court fails to qualify the statement by the legal requirement
   of "the exercise of ordinary care under all the circum-
   stances."

(Decided January 3, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Mitchell Wilby,* for plaintiff in error.
*Mr. H. Kenneth Rogers,* for defendant in error.

HAMILTON, P. J.  The plaintiff in error, William
Krekeler, brought suit in the municipal court of
Cincinnati to recover damages for injuries to his
automobile, caused by a collision between it and a
street car of the defendant in error.

The trial resulted in a judgment and verdict for
the plaintiff in the sum of $300.  Error was prose-
cuted from the judgment of the municipal court
to the court of common pleas, which court reversed

the judgment of the municipal court and remanded the case for a new trial.

From the judgment of reversal of the court of common pleas the plaintiff in error prosecutes error to this court, seeking a reversal of the judgment of the court of common pleas and an affirmance of the judgment of the municipal court.

The collision occurred on Eastern avenue in the city of Cincinnati, between two cross streets. The record discloses that the accident happened in the evening, after darkness had set in; that the machine had been standing several feet back from the sidewalk in a driveway on a privately owned lot; that Krekeler went out on the street and looked, but did not see any car approaching; and that he then went back, climbed into the automobile, and without further observation backed out the driveway into the street, across the track of the traction company, and was struck by a street car. The curtains were on the automobile, and there is a dispute as to whether there was any tail light burning on the machine.

The testimony of some five or six witnesses, some of whom were passengers on the car, was to the effect that the car was moving from eight to twelve miles per hour; that suddenly a dark object appeared in front of the car, some twenty feet away; and that the motorman immediately shouted and applied his emergency brakes, but could not stop in time to avoid the collision.

The defendant in error insists upon the correctness of the court of common pleas in its judgment of reversal, for the reason that there was manifest error in the proceeding in the municipal court in giving plaintiff's special charge No. 3, that there

was error in the general charge, and that the verdict was manifestly against the weight of the evidence.

Under the facts above stated, and shown by the record, we find the verdict and judgment of the municipal court to be manifestly against the weight of the evidence.

The traction company claims error in the giving of the following special charge, requested by plaintiff:

"Plaintiff claims that the injury to his automobile was caused by reason of the fact that the defendant's motorman in charge of the street car, negligently failed to stop his car in time to keep from running into plaintiff's automobile, when in the exercise of ordinary care, he should have seen it on the track, and could have stopped his car in time to have prevented the collision. If you find by a preponderance of the evidence that the alleged negligence of the motorman was the direct and proximate cause of any damage and loss to plaintiff, the plaintiff is entitled to recover, and your verdict must be for the plaintiff."

Plaintiff in error claims that if the giving of this special charge was error, it was not prejudicial, as all the issues involved were covered by the general charge. This, however, will not cure the error complained of, if the special charge did not correctly state the law applicable to the case. *P., C. & St. L. Ry. Co.* v. *Krouse,* 30 Ohio St., 222, and *Himelright* v. *Johnson,* 40 Ohio St., 40.

Special charges requested by counsel should be complete and state the law correctly and clearly within themselves. *Ohliger* v. *City of Toledo,* 20 C. C., 142.

A charge to a jury is misleading when it singles out different acts and attaches undue importance to any particular items of evidence. The rule stated should not only be correct in the abstract, but applicable to the issues in hand. *L. S. & M. S. Ry. Co.* v. *Whidden, Admx.*, 2 C. C. (N. S.), 544.

The special charge complained of ignores the question of contributory negligence, and singles out the question of the negligence of the defendant, although the other issue was clearly in the case. The giving of the special charge was prejudicial error.

The defendant in error claims that there were errors in the general charge of the court; that the general charge complained of imposes a greater duty upon the motorman than the law requires. The court instructed the jury in various places in the charge that if the motorman could have stopped his car in time to have avoided the collision, defendant would be guilty of negligence, failing to qualify the statement by the only legal requirement of "the exercise of ordinary care under all the circumstances." This was reversible error. *Cincinnati, Hamilton & Dayton Ry. Co.* v. *Frye*, 80 Ohio St., 289, 297.

For the reasons above stated the judgment of the court of common pleas will be affirmed and the cause remanded to the municipal court of Cincinnati for a new trial.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.